IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

SHANNETTE LEFLORE,                  )
                    Plaintiff,      )        No.  C05-2076-EJM
                                    )
    vs.                             )        ORDER
                                    )
JO ANNE B. BARNHART,                )
Commissioner of Social Security,    )
                    Defendant.      )

This matter is before the court on plaintiff's Application for Judicial Review of

a final decision of the Commissioner of Social Security.  Briefing concluded on

October 24, 2006.  Reversed and remanded for further proceedings.

Plaintiff brings this action seeking judicial review of the Commissioner's denial

of her application for supplemental security income benefits.  The court has

jurisdiction pursuant to 42 USC§405(g).

Plaintiff alleges disability due to Huntington's disease, migraine headaches,

bipolar disorder, diabetes, hypothyroidism, and obesity.  She contends that the

Administrative Law Judge (ALJ) relied upon improper vocational expert testimony,

and failed to give appropriate consideration to her testimony and the testimony of her

witnesses.  Accordingly, she urges that the Commissioner's decision is not

supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial
> evidence on the record as a whole to support the [Commissioner's]
> decision.  This requires [the court] to do more than merely parse the

> record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Following the identification of plaintiff's residual functional capacity, the ALJ elicited from the vocational expert three jobs that plaintiff could perform: addressor, surveillance system monitor, and assembler. Relying upon the Dictionary of Occupational Titles (DOT), plaintiff asserts that the addressor and monitor jobs are precluded by the applicable reasoning level, which is beyond that which the ALJ found plaintiff retained. Defendant responds that even so, plaintiff could perform the assembler job. In turn, plaintiff urges that she has Huntington's Disease, and that the accompanying tremors would prevent her from being able to perform that job.

As to the assembler position, it is the court's view that there exists no basis in the record to discount the credibility of plaintiff's assertion of tremors, which would appear to adversely affect her ability to perform that position as well as her residual functional capacity. Further, it appears that the ALJ did not resolve the apparent discrepancy between the DOT and the vocational expert testimony with regard to the applicable reasoning levels noted above. Accordingly, the ALJ's decision is not supported by substantial evidence on the record as a whole.

This matter shall be reversed and remanded for further consideration of plaintiff's subjective impairments upon her residual functional capacity, as well as resolution of the other matters raised herein.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

January 12, 2007.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT